IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BLAINE R.,[1]                                6:19-cv-00763-BR

          Plaintiff,                        OPINION AND ORDER

v.

Commissioner, Social
Security Administration,

          Defendant.


**LAURIE B. MAPES**
P.O. Box 1241
Scappoose, OR 97056-1241
(503) 543-2900

**DREW L. JOHNSON**
1700 Valley River Drive
Eugene, OR 97405
(541) 434-6466

          Attorneys for Plaintiff

---

     [1] In the interest of privacy this Court uses only the first name and the initial of the last name of the nongovernmental party in this case.

1 - OPINION AND ORDER

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**SARAH ELIZABETH MOUM**
Social Security Administration
Office of the General Counsel
701 Fifth Avenue
Suite 2900 M/S221A
Seattle, WA 98104-7075
(206) 615-2936

          Attorneys for Defendant

**BROWN, Judge.**

     Plaintiff Blaine R. seeks judicial review of a final
decision of the Commissioner of the Social Security
Administration (SSA) in which he denied Plaintiff's applications
for Supplemental Security Income (SSI) and Disability Insurance
Benefits (DIB) under Titles XVI and II of the Social Security
Act.

     This matter is now before the Court on Plaintiff's Complaint
in which he seeks review of the Commissioner's decision and the
Commissioner's Motion to Remand (#17) for further administrative
proceedings.

     Following a review of the record, the Court **REVERSES** the
Commissioner's decision, **DENIES** the Commissioner's Motion to

Remand for further administrative proceedings, and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for the immediate calculation and award of benefits.

## ADMINISTRATIVE HISTORY

Plaintiff filed his applications for SSI and DIB on October 21, 2015.  Tr. 185, 197.[2]  Plaintiff alleged a disability onset date of December 31, 2003.  His applications were denied initially and on reconsideration.  An ALJ held a hearing on January 4, 2018.  Tr. 33-59.  At the hearing Plaintiff amended his alleged onset date to August 2, 2015, and Plaintiff and a vocational expert (VE) testified.  Plaintiff was represented by an attorney.

On April 5, 2018, the ALJ issued an opinion in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 10-16.  On March 14, 2019, that decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review.  Tr. 1-6.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

## BACKGROUND

Plaintiff was born on January 14, 1966.  Tr. 185.  Plaintiff

---

[2] Citations to the official transcript of record filed by the Commissioner on October 15, 2019, are referred to as "Tr."

was 51 years old at the time of the hearing.  Plaintiff graduated from high school and has "some college."  Tr. 37.  Plaintiff has past relevant work experience as a hospital cleaner, psychiatric aide, house repairer, building-maintenance repairer, and janitor. Tr. 54.

Plaintiff alleges disability due to Meniere's disease, a back injury, and a left-knee injury.  Tr. 62.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 14-15.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d

453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir.

2006).

## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairments or combination of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC).  The

claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.,* 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404,

subpart P, appendix 2.  If the Commissioner meets this burden,
the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1),
416.920(g)(1).


## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in
substantial gainful activity since his August 2, 2015, amended
alleged onset date.  Tr. 12.

At Step Two the ALJ found Plaintiff has the severe
impairments of degenerative disc disease, left-ear hearing loss,
and Meniere's disease.  Tr. 21.  The ALJ found Plaintiff's
obesity, left-knee degenerative arthritis, anxiety, and
depression are not severe.  Tr. 13.

At Step Three the ALJ concluded Plaintiff's medically
determinable impairments do not meet or medically equal one of
the listed impairments in 20 C.F.R. part 404, subpart P, appendix
1.  Tr. 13.  The ALJ found Plaintiff has the RFC to perform
medium work,

> except he can occasionally balance or crawl.  He
> must avoid climbing ladders, ropes, or scaffolds.
> He must avoid exposure to workplace hazards, such
> as dangerous machinery or m1protected heights.  He
> is limited to moderately noisy work environments
> that do not exceed SCO Noise Intensity level 3.

Tr. 25.

At Step Four the ALJ concluded Plaintiff can perform his
past relevant work as a hospital cleaner and psychiatric aide.

Tr. 16.  Accordingly, the ALJ found Plaintiff is not disabled.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) partially rejected Plaintiff's testimony; (2) rejected the opinion of Mark Knoble, M.D., treating physician; and (3) partially rejected lay-witness statements.

In his Motion to Remand Defendant concedes the ALJ's decision "is not supported by substantial evidence[, . . .] the ALJ harmfully erred[,] and . . . Plaintiff is entitled to judgment."  Def.'s Br. at 2.  Because Defendant asserts in its Motion that the Court should remand this matter for further proceedings, the Court assumes Defendant is referring to a Judgment of Remand for further administrative proceedings. Plaintiff, however, asserts this Court should remand the matter for the immediate award of benefits.

I.    **The Court remands this matter for the immediate calculation and award of benefits.**

As noted, Defendant concedes the ALJ erred and that the error was harmful, but Defendant moves to remand this matter for further administrative proceedings rather than an award of benefits on the ground that "the record before the Court does not conclusively establish Plaintiff's disability status."  Def.'s Br. at 2.

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). When "the record has been fully developed and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

The decision whether to remand this case for further proceedings or for the payment of benefits is a decision within the discretion of the court. *Harman*, 211 F.3d 1178.

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *Id.* at 1179. The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman*, 211 F.3d at 1178. The Court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally
> sufficient reasons for rejecting . . .
> evidence, (2) there are no outstanding issues
> that must be resolved before a determination
> of disability can be made, and (3) it is
> clear from the record that the ALJ would be

> required to find the claimant disabled were
> such evidence credited.

*Id.* The second and third prongs of the test often merge into a

single question:  Whether the ALJ would have to award benefits if

the case were remanded for further proceedings.  *Id.* at 1178 n.2.

As noted, Defendant concedes the ALJ's "decision . . . is

not supported by substantial evidence" and that the ALJ

"harmfully erred."  Def.'s Br. at 2.  Defendant, however, asserts

the Court should remand this matter for further proceedings

because "the record before the Court does not conclusively

establish Plaintiff's disability status."  *Id.*  Specifically,

Defendant contends Plaintiff "has had very limited treatment" for

Meniere's disease.  For example, Plaintiff was seen by a

specialist once and "declin[ed] any follow up notwithstanding his

primary care physician's recommendation to follow up with the

specialist."  Def.'s Br. at 5.  In addition, Plaintiff was seen

by his primary-care physician, Dr. Knoble, only once every three-

to-six months.  Defendant contends Plaintiff has only been

treated with medication for his Meniere's disease, and Plaintiff

has "not sought any other specialist treatment or any more

aggressive treatment, such as positive pressure therapy, middle

ear injections, or even surgery."  Def.'s Br. at 6.  Finally,

Defendant points out that reviewing physicians contradict

Dr. Knoble's opinion that Plaintiff is disabled.  According to

Defendant, therefore, it is unclear on this record that

Plaintiff's limitations preclude employment.

The record, however, reflects Plaintiff first experienced dizziness in 2014, but at that time he did not have insurance that covered specialist care. In mid-2015 Plaintiff "found an ENT who accepts his insurance," and in June 2015 Plaintiff was evaluated by ENT specialist Ryan Stevens, M.D. Tr. 343-50. Dr. Stevens suspected Plaintiff had Meniere's disease, but he recommended Plaintiff undergo an intra-cranial MRI to rule out other causes of Plaintiff's symptoms. Tr. 343-44. Plaintiff underwent the MRI, which did not reflect any findings that explained "the patient's unilateral sensorineural hearing loss." Tr. 342, 348. Dr. Stevens also ordered Plaintiff to undergo a bilateral carotid ultrasound. Plaintiff had a bilateral cartoid ultrasound, but it did not show any "evidence for hemodynamically significant stenotic lesions in the cervical carotid arteries." Tr. 350. The record does not indicate Dr. Stevens recommended any additional follow-up care or testing. The record, therefore, reflects Plaintiff pursued specialist care as soon as he was able to get it covered by insurance, and he underwent all of the testing Dr. Stevens recommended to confirm the diagnosis of Meniere's disease.

As to Defendant's assertion that Plaintiff has only been treated with medication for his Meniere's disease rather than "more aggressive treatment, such as positive pressure therapy,

middle ear injections, or even surgery," Plaintiff points out
that the ALJ did not find Plaintiff's treatment was conservative
or that there were available treatment options for Plaintiff that
he did not pursue.  In fact, the record does not reflect any
treating medical professional recommended positive pressure
therapy, middle-ear injections, or surgery to treat Plaintiff's
Meniere's disease.

Finally, although reviewing physicians contradict some of
Dr. Knoble's opinion, "the opinion of a nonexamining physician
cannot by itself constitute substantial evidence that justifies
the rejection of the opinion of either an examining physician or
a treating physician."  *Lester v. Chater*, 81 F.3d 821, 831 (9th
Cir. 1996).  In addition, Defendant did not specifically address
or offer any argument in response to Plaintiff's assertion that
the ALJ erroneously rejected Dr. Knoble's opinion.  In fact,
Defendant broadly concedes in his Motion to Remand that the ALJ's
decision "is not supported by substantial evidence."

The Court concludes on this record that Defendant has not
established there are outstanding issues that must be resolved
before a determination of disability can be made or that it is
unclear from the record that the ALJ would be required to find
the claimant disabled if Plaintiff's testimony, the lay-witness
statement, and the opinion of Dr. Knoble were credited.  The
Court, therefore, concludes this matter should not be remanded

for further proceedings.  *See Schneider v. Comm'r*, 223 F.3d 968 (9th Cir. 2000).  *See also Reddick*, 157 F.3d at 729 ("We do not remand this case for further proceedings because it is clear from the administrative record that Claimant is entitled to benefits."); *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989)(if remand for further proceedings would only delay the receipt of benefits, judgment for the claimant is appropriate).

Accordingly, the Court remands this matter for the immediate calculation and award of benefits to Plaintiff.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner, **DENIES** the Commissioner's Motion (#17) to Remand for further administrative proceedings, and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for the immediate calculation and award of benefits.

IT IS SO ORDERED.

DATED this 11th day of May, 2020.


                                    /s/ Anna J. Brown
                                    _____
                                    ANNA J. BROWN
                                    United States Senior District Judge